UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

BUILDING TRADES UNITED PENSION TRUST FUND,
NACARCI FEASTER, WISCONSIN LABORERS HEALTH FUND,
BUILDING & PUBLIC WORKS LABORERS VACATION FUND,
and MILES MERTENS,

                Plaintiffs,
  v.                                                      Case No. 07-CV-782

WHITE GLOVE ENVIRONMENTAL LLC,

                Defendant.
_____

## ORDER

On August 30, 2007, plaintiffs filed a complaint against White Glove Environmental LLC ("White Glove") alleging White Glove failed to make timely and prompt contributions to plaintiffs on behalf of its employees covered by certain collective bargaining agreements. On February 1, 2008, plaintiffs filed an amended complaint. A summons was returned executed by plaintiffs on March 5, 2008. According to the summons, defendant was served on February 25, 2008. As such, White Glove's responsive pleading was due on March 17, 2008. On December 16, 2008, the court issued an order, pursuant to Local Civil Rule 41.2, giving the parties notice that the court would dismiss the case for failure to prosecute if White Glove did not respond and if plaintiffs did not move for default judgment within twenty days.

On December 30, 2008, plaintiffs filed a notice and request that the clerk of the court enter a default against White Glove. The clerk of the court entered White Glove's default on December 31, 2008. Plaintiffs also filed a notice and application

requesting that the court enter default judgment and award damages and fees pursuant to Fed.R.Civ.P. 55(b)(2). White Glove has not objected to the fact of its default or to the amount of damages sought by plaintiffs.

Upon entry of default, the court takes all well-pleaded allegations in plaintiffs' complaint relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). Based on the allegations in plaintiffs' amended complaint, the court finds that White Glove violated effective collective bargaining agreements with plaintiffs by failing to make contributions to the plaintiff-funds on behalf of its employees covered by those agreements. The court further finds that White Glove's conduct violated the Employee Retirement Income Security Act of 1974, as amended.

Before the court may award damages in a default judgment, plaintiffs must show that they are entitled to such damages. *Id.* The court finds that plaintiffs have demonstrated their entitlement to damages and fees in this case. Based on Attorney Christopher J. Ahrens's affidavit and supporting exhibits, the court finds that plaintiffs' total damages, including attorney fees and costs, are $37,579.12. Damages, fees and costs are apportioned as follows: $12,072.13 is due and owing plaintiff Building Trades United Pension Trust Fund; $19,457.78 is due and owing plaintiff Wisconsin Laborers Health Fund; $4,033.72 is due and owing plaintiff Building & Public Works Laborers Vacation Fund; and plaintiffs' attorney fees amount to $1,710.00, and the costs of prosecution are $305.49.

Accordingly,

**IT IS ORDERED** that plaintiffs' application for entry of default judgment (Docket #14), be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that judgment be entered in favor of plaintiffs and against the defendant in the amount of $37,579.12, together with interest at the rate allowed by law.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge